UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS SCHROEDER,

    Plaintiff,

v.

FIDELITY INVESTMENTS, INC., et al.,

    Defendants.

Case No. 22-11387
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE [2] AND SUMMARILY DISMISSING COMPLAINT [1]**

Chris Schroeder filed a pro se suit against Fidelity Investments, Inc. and two of its employees in June 2022. (ECF No. 1.) He says that Fidelity and its employees discriminated against him based on his race by "deny[ing] him access to a Nike stock check worth $766.03" and by denying him "an opportunity to explore trust options for [his] father." (*Id.* at PageID.5–6.) He seeks over $350,000 in damages, apparently for the loss of a potential investment in Bitcoin, other losses, and punitive damages. (*Id.*) He also says that he has been denied access to his Fidelity account and seeks "a court order" directing Fidelity to give him access. (*Id.* at PageID.8.)

I.

Along with his complaint, Schroeder filed an application to proceed without prepayment of fees or costs. (ECF No. 2.) Under 28 U.S.C. § 1915(a)(1), the Court may authorize commencement of an action without prepayment of fees and costs if the

plaintiff demonstrates they cannot pay such fees. Schroeder states that he is unemployed, is "without a place to stay," and that his limited assets are offset by over $10,000 in debt. (ECF No. 2.) The Court finds that Schroeder is entitled to proceed in forma pauperis and grants his application to proceed without prepayment of the filing fee and costs. *See* 28 U.S.C. § 1915(a)(1).

## II.

But when a Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

In deciding whether a complaint states a claim upon which relief may be granted, the Court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required to survive a motion to dismiss, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but they must "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). What is plausible is "a context-specific task" requiring this Court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. And although a pro se litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic

pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). In other words, pro se complaints "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. 2011).

### III.

Schroeder claims that Defendants violated Title II of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000a *et seq.* (ECF No. 1, PageID.5, 8.) Title II provides: "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race[.]" To establish a prima facie case under § 2000a, Schroeder must allege that he "(1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation; (3) was denied those benefits and enjoyment; and (4) was treated less favorably than similarly situated persons who are not members of the protected class." *Goemaere v. Tiell*, No. 19-10839, 2020 WL 134095, at *3 (E.D. Mich. Jan. 13, 2020) (citing *Bormuth v. Dahlem Conservancy*, 837 F. Supp. 2d 667, 674 (E.D. Mich. 2011)).

The complaint fails on multiple fronts. First, Schroeder never actually pled that he is a member of any particular protected class, only that he was a victim of "racial discrimination."

Second, Fidelity is not a "place of public accommodation" as defined by the statute. Title II specifies the types of establishments that count as places of public accommodation: lodgings for transient guests, facilities that serve food for consumption on the premises, gasoline stations, places of exhibition or entertainment, and establishments physically located within a covered establishment. 42 U.S.C. § 2000a(b); *see also Lewis v. Northland Chrysler Dodge Ram Jeep*, No. 13-CV-14058, 2014 WL 3054563, at *3 (E.D. Mich. July 7, 2014), *aff'd* No. 14-1875 (6th Cir. Aug. 7, 2015). Fidelity does not fit into any of those categories, and other courts have found that financial institutions are not places of public accommodation under this statute. *See Akyar v. TD Bank US Holding Co.*, No. 18-CV-379, 2018 WL 4356734, at *5 (S.D.N.Y. Sept. 12, 2018) (collecting cases).

Third, Schroeder has failed to plead facts that show how and why he was discriminatorily denied the benefits and enjoyment of Fidelity's services. Merely saying that he was denied access to a check, that the "opportunity to explore trust options for [his] father was unlawfully denied," and that "there was differing treatment and racial discrimination" are conclusory allegations that tell the Court nothing about what Fidelity or its employees allegedly did to violate the law. *See* (ECF No. 1, PageID.5–6); *Twombly,* 550 U.S. at 555 (A plaintiff's complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

Fourth, Schroeder makes no allegations that he "was treated less favorably than similarly situated persons who are not members of the protected class." *See Goemaere*, 2020 WL 134095, at *3.

So the complaint fails to state a claim upon which relief may be granted and will be dismissed.

Additionally, the Court notes for Schroeder's benefit that Title II only provides for injunctive relief, not money damages. *See* 42 U.S.C. § 2000a-3(a); *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968) ("When a plaintiff brings an action under [Title II], he cannot recover damages."). So even assuming Schroeder could plausibly plead a violation of Title II despite the deficiencies explained above, he would not be able to get the money he seeks and would be limited to seeking injunctive relief.

## IV.

For the foregoing reasons, the Court GRANTS Schroeder's motion to proceed in forma pauperis (ECF No. 2) and DISMISSES his complaint (ECF No. 1) without prejudice. A separate judgment will follow.

SO ORDERED.

Dated: August 1, 2022

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE